UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ESTATE OF OSUYUWAMEN OJO,         ) | |
|     *Plaintiff*,                                          ) | |
|                                                                  ) | |
|     *vs*.                                                     ) | 2:11-cv-337-JMS-MJD |
|                                                                  ) | |
| UNITED STATES OF AMERICA, *et al.*,  ) | |
|     *Defendants*.                                     ) | |

## ORDER

Presently pending before the Court is Defendant United States of America's Motion for Partial Dismissal. [Dkt. 59.] Plaintiff Estate of Osuyuwamen Ojo ("the Estate") asserts claims against the United States under the Federal Tort Claims Act ("FTCA"). The United States contends that it has not waived sovereign immunity for two issues that the Estate's claims raise—liability for the acts of independent contractors and the recoverability of attorney's fees. Thus, the United States contends that this Court lacks jurisdiction over those issues. For the following reasons, the Court denies the United States' motion in part and grants it in part.

### I.
### NATURE OF MOTION

The United States characterizes its motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [Dkt. 60 at 3-5.] The Estate contends that this characterization is improper because subject matter jurisdiction "appears to be an all or nothing issue" and the United States does not seek to dismiss the Estate's entire action. [Dkt. 70 at 2.]

The FTCA is a limited waiver of sovereign immunity, authorizing tort suits against the United States by those who are injured by the negligent acts or omissions of any employee of the government acting within the scope of official duties. 28 U.S.C. § 1346(b); *LM ex rel. KM v.*

*United States*, 344 F.3d 695, 698 (7th Cir. 2003). The Court "lacks jurisdiction to consider any claims against the United States" based on negligence for which it has not waived sovereign immunity. *Alinsky*, 415 F.3d at 644; *see also Halker v. United States*, 2010 U.S. Dist. LEXIS 72339, *11-*13 (S.D. Ind. 2010) (collecting cases in support of conclusion "that the requirement that the alleged tortfeasor in an FTCA claim be an employee of the United States acting within the scope of his office or employment is a jurisdictional requirement of an FTCA action and that a challenge to a tortfeasor's employment status is properly asserted by way of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction"). Accordingly, the Court agrees with the United States that its motion raises jurisdictional issues. The Court may consider evidence outside the pleadings to make the necessary factual determinations to resolve its own jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).[1]

## II.
### BACKGROUND

The facts relevant to addressing the issues raised by the United States' motion are as follows, and are not in dispute.[2] Mr. Ojo was an inmate at the United States Penitentiary in Terre Haute, Indiana. [Dkt. 5 at 1.] In August 2009, he was transported to Union Hospital for medical evaluation. [Dkt. 59-3 at 3.] A hematologist at Union Hospital diagnosed Mr. Ojo with chronic myeloid leukemia ("CML"). [Dkt. 59-1 at 17.] Dr. Chandra Reddy was the primary medical

---

[1] The Court disagrees with the Estate that subject matter jurisdiction always requires the Court to retain or dismiss an entire case. For example, although the Court has jurisdiction over claims that raise a federal question under 28 U.S.C. § 1331, it does not have jurisdiction over state-law claims in that action unless there is another basis for jurisdiction over those claims—typically, diversity or supplemental jurisdiction, 28 U.S.C. §§ 1367, 1332; *see also College Network v. Cincinnati Ins. Co.*, 2011 U.S. Dist. LEXIS 19073 (S.D. Ind. 2011) (dismissing third-party state law claims for which the Court did not have independent jurisdiction but retaining underlying claims).

[2] The Estate does not dispute any of the facts set forth by the Government in its brief.

provider for Mr. Ojo when he returned to the Terre Haute penitentiary.  [Dkts. 59-1 at 30-31; 59-3 at 3.]

The Union Hospital physicians and Dr. Reddy are not employees of the United States; instead, they are independent contractors with a company called NaphCare.  [Dkt. 59-3 at 3.]  The United States did not exercise control over their clinical decisions.  [*Id.*]  Mr. Ojo died on February 28, 2011, allegedly from complications of CML.  [Dkt. 5-2 at 3-4.]

On October 4, 2011, the Federal Bureau of Prisons denied an administrative tort claim regarding Mr. Ojo's death.  [Dkt. 5-2 at 2.]  The Estate filed this lawsuit in January 2012, alleging that the United States, through its employees, committed medical malpractice and caused Mr. Ojo's death.  [Dkts. 1; 5.]

### III.
### DISCUSSION

The Government presents two issues in its motion.  First, it argues that the Court lacks subject matter jurisdiction over the Estate's claims based on the conduct of independent contractors.  [Dkt. 60 at 5-10.]  Second, the Government argues that there has been no waiver of sovereign immunity to allow the Court to award attorney's fees against the United States under the FTCA, should the Estate prevail.  [*Id.* at 10-15.]

**A.  The FTCA Claim**

The United States argues that the FTCA expressly disclaims the waiver of sovereign immunity for the acts of independent contractors.  Therefore, the United States contends that this Court must dismiss the Estate's claims based on the actions of Dr. Reddy and independent contractors at Union Hospital, who were undisputedly independent contractors.

The Estate does not dispute that the FTCA does not waive sovereign immunity for the acts of independent contractors or that Dr. Reddy or the medical professionals from Union Hospital were independent contractors. It emphasizes, instead, that the United States can be liable

> [t]o the extent the medical officials of the United States (were continuing to provide medical care to [Mr. Ojo] during the relevant time periods), failed to properly oversee the services of the independent contractors, failed to properly obtain information with regard to the further deterioration of the physical condition of [Mr. Ojo], and otherwise failed to properly participate in appropriate medical care for [Mr. Ojo] *on their own behalf*.

[Dkt. 70 at 3 (original emphasis).]

The Court notes that the Estate's Complaint expressly alleges that the United States is liable based on the acts or omissions of its "employees," not independent contractors. [Dkt. 5 at 2 ¶¶ 6-8.] In fact, the Complaint does not mention Dr. Reddy or the independent contractors at Union Hospital. [Dkt. 5.] Likewise, in response to the United States' motion, the Estate does not dispute that the FTCA does not waive sovereign immunity for the acts of independent contractors. Instead, the Estate argues that the United States can be liable to the extent that United States employees failed to properly oversee or participate in the care provided by the independent contractors. [Dkt. 70 at 3.] While the United States disputes this contention, [dkt. 71 at 2], it provides no legal support for its position.

It is clear that the Court would lack subject matter jurisdiction over any claims the Estate brings against the United States based on the acts or omissions of independent contractors. 28 U.S.C. § 2671; *Alinsky*, 415 F.3d at 644 (7th Cir. 2005) (holding that acts of independent contractors hired by the United States to provide services are excluded from the limited waiver of sovereign immunity in the FTCA and the Court lacks jurisdiction over those claims). But the Estate's Complaint and response to the United States' motion confirm that it is not making claims based on the actions of independent contractors. Instead, it is asserting that the United

States and its employees acted or failed to act in the oversight of those independent contractors. While that may be a fine line to walk, the United States cites no authority for it being impermissible.

The Court concludes that the Estate has alleged a cognizable FTCA claim against the United States and, therefore, denies that part of the United States' motion to dismiss. The Estate must make sure, however, that it and its experts consistently frame the claim against the United States based on the acts or omissions of the United States' employees, not on the acts or omissions of any independent contractors. The United States will not be vicariously liable for the acts of independent contractors, so the Estate must prove the elements of its claims with regard to the actions, or lack thereof, of the United States and its employees.

### B. Recoverability of Attorney's Fees

The parties dispute whether the Estate can recover attorney's fees against the United States if it is successful on the FTCA claim. The United States emphasizes that waivers of sovereign immunity must be narrowly construed and contends that the FTCA does not waive such immunity with respect to attorney's fees. [Dkt. 60 at 13-15.] The Estate argues that Indiana law allows a plaintiff to recover attorney's fees under Indiana's Adult Wrongful Death Statute. *See McCabe v. Comm'r of Ind. Dept. of Ins.*, 949 N.E.2d 816, 821 (2011) ("In conclusion, we hold that reasonable attorney fees incurred in the prosecution of an action under the Adult Wrongful Death Statute are within the damages permitted by the statute.") (referring to Ind. Code § 34-23-1-2). Thus, the Estate contends that it can recover attorney's fees if it prevails in this action.

"Except to the extent it has waived immunity, the Government is immune from claims for attorney's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). Specifically, waivers of

immunity "must be construed strictly in favor of the sovereign" and "not enlarged beyond what the language requires." *Id.*

The FTCA provides that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674 (emphasis added). The parties focus their arguments exclusively on this provision of the FTCA, even though it does not mention attorney's fees.[3] Given the requirement that waivers of sovereign immunity must be strictly construed, the Court cannot conclude that § 2674 of the FTCA waives sovereign immunity for attorney's fees, particularly considering that it does not mention them. As the Seventh Circuit Court of Appeals observed while discussing various federal statutes in an *en banc* opinion addressing attorney's fees under the Prison Litigation Reform Act ("PLRA"), under the FTCA "legal fees are deducted from the plaintiff's recovery; the United States does not cover any part of a prevailing plaintiff's legal expenses."[4] *See Johnson v. Daley*, 339 F.3d 582, 588 (7th Cir. 2003) (*en banc*) (citing 28 U.S.C. §§ 2674; 2678). Other circuits that have addressed attorney's fees under the FTCA have reached the same conclusion. *See, e.g.*, *Anderson v. United States*, 127 F.3d 1190, 1191-92 (9th Cir. 1997) ("Congress has not waived the government's sovereign immunity for attorneys' fees and expenses under the FTCA."); *Jackson v. United States*, 881 F.2d 707, 712 (9th Cir. 1989) (hold-

---

[3] The only provision of the FTCA that mentions attorney's fees provides that "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered . . . ." 28 U.S.C. § 2678. The Seventh Circuit has held that "[i]t is unlikely that the statute [28 U.S.C. § 2678] has anything to do with attorneys' fee shifting[; instead it is likely] for the protection of plaintiffs from being gouged by their lawyers." *Stive v. United States*, 366 F.3d 520, 523 (7th Cir. 2004). Thus, the Estate cannot recover fees from the United States based on that provision.

[4] This language was not the holding of *Johnson*, which addressed the constitutionality of an attorney's fee provision of the PLRA, 339 F.3d at 583, but the Seventh Circuit's *en banc* observation regarding the FTCA is relevant to the Court's conclusion.

ing that the language in the FTCA providing that the Government shall be liable "to the same extent as a private individual under like circumstances" applies to issues of substantive liability and that a state law concerning attorney's fees does not apply); *Bergman v. United States*, 844 F.2d 353, 355 (6th Cir. 1988) ("It is clear that the FTCA does not waive the United States' immunity from attorneys' fees."); *Joe v. United States*, 772 F.2d 1535, 1536 (11th Cir. 1985) (holding that "[t]he FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under that act"). Therefore, the Court concludes that because the FTCA does not waive the United States' sovereign immunity with regard to attorney's fees, the Estate cannot recover them under the FTCA, regardless Indiana law that would permit such recovery.

Additionally, while not directly addressed by the parties, the Equal Access to Justice Act ("EAJA") determines when it is appropriate for the Court to award attorney's fees when the United States is a party to litigation.[5] It provides that

> [u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). But that statute expressly prohibits a Court from awarding attorney's fees in "cases sounding in tort." 28 U.S.C. § 2412(d)(1)(A); *see also Andrews v. United States*, 122 F.3d 1367, 1374 (11th Cir. 1997) ("The EAJA specifically excludes recovery for fees and costs expended on tort claims."); *Campbell v. United States*, 835 F.2d 193, 196 (9th Cir. 1987) ("Tort actions were specifically excluded from the EAJA because Congress believed the legal remedies

---

[5] The United States cites the costs provision of the EAJA in its reply, [dkt. 71 at 5 (citing 28 U.S.C. § 2412(a)(1))], but ignores the subsection discussing attorney's fees.

- 8 -

available in tort cases were adequate in diminishing this deterrent effect.") (citations omitted). Congress' express prohibition on a Court awarding attorney's fees in tort cases involving the United States further bolsters the Court's conclusion that the Estate cannot recover attorney's fees against the United States in this tort case. Accordingly, the Court grants the United States' motion to the extent that should the Estate prevail, it will not be able to recover attorney's fees against the United States.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES IN PART AND GRANTS IN PART** the United States' Motion for Partial Dismissal. [Dkt. 59.]

06/07/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com